UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETOP UDO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　Defendants. | Case No. 23-cv-02935-JSW<br><br>**ORDER GRANTING MOTIONS TO DISMISS, WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 22, 24, 25, 59 |

Now before the Court for consideration are motions to dismiss filed by Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Bank of America, N.A. ("BANA"), BMO Harris Bank, N.A. ("BMO Harris"), and U.S. Bank, N.A. ("US Bank"). The Court has considered the parties' papers relevant legal authority, and the record in this case.[1] The Court GRANTS each of the motions, without leave to amend.

The Court addresses two preliminary matters. First, BANA argues the Court should strike Udo's omnibus opposition because it exceeds the Court's page limitations. Udo could have filed four separate 15 page briefs in response to Defendants' motions. Accordingly, the Court denies BANA's request. Second, Udo submitted exhibits with his opposition: two police reports from 2019 and bank account statements for accounts at Wells Fargo, BMO Harris, and BANA. BMO Harris requests that the Court take judicial notice of complete copies of Udo's statements. Udo did not object to that request. The Court GRANTS BMO Harris' request for judicial notice, but it

---

[1] US Bank filed its motion to dismiss on October 16, 2023. Plaintiff Etop Udo ("Udo") did not file a separate opposition to US Bank's motion. In response to an order to show cause, Udo has stated he will stand on the arguments in the omnibus opposition filed in August 2013. (*See* Dkt. Nos. 62-64.)

1

has considered the bank statements only to determine if it should grant Udo leave to amend.

## BACKGROUND

On July 13, 2022, Udo set his briefcase on the ground in a parking garage, while he prepared to leave for work. The briefcase contained a number of debit and credit cards, including cards issued by Defendants, and Udo's passport. Udo failed to retrieve his briefcase from the ground before he departed and left it unattended in the garage. When he realized he did not have his briefcase with him, he returned to the garage, but it was no longer there. (First Amended Complaint ("FAC") ¶¶ 11-17.) Thereafter, "many of Udo's accounts began experiencing unexplained and unauthorized activity," including deposits using bad checks which were charged back to Udo's account. (*See generally id.* ¶¶ 19-22.) Although Udo reported the fraud to the Defendants, he claims they failed to take "sufficient steps to protect [him] from additional harm or to safeguard his accounts." (*Id.* ¶ 29.) On July 16, 2022 and January 23, 2023, Udo reported this activity to the San Francisco Police Department. (*Id.* ¶¶ 18, 23.)

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

**A.  Applicable Legal Standard.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff cannot merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

2

556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**B.     The Court Grants the Motions to Dismiss.**

    **1.     The Court Dismisses the Negligence Claim.**

Defendants argue that Udo's negligence claim is barred by economic loss rule. Udo does not address this argument in his opposition. In general, a plaintiff may not recover in tort for purely economic losses. *See, e.g., S. Cal. Gas Leak Cases*, 7 Cal. 5th 391, 400 (2019) ("[L]iability in negligence for purely economic losses, … is the exception, not the rule[.]" (internal quotations and citations omitted). For example, a plaintiff may recover economic losses in tort if the parties have a "special relationship," *i.e.* "the plaintiff was an intended beneficiary of a particular transaction but was harmed by the defendant's negligence in carrying it out." *Id.*

The Court concludes that Udo has not alleged facts the parties had a "special relationship" or that some other exception to the economic loss rule applies. *See, e.g., Widjaja v. JPMorgan Chase Bank, N.A.*, No. CV 19-7825-MWF-AFM, 2019 WL 8108716, at *7 (C.D. Cal. Nov. 19, 2019) ("Multiple courts have applied the economic loss rule to bar a plaintiff's claim against a bank arising from fraudulent activity."); *Barvie v. Bank of America, N.A.*, No. 18-cv-449-JLS (BGS), 2018 WL 4537723, at *4-*5 (S.D. Cal. Sept. 21, 2018) (dismissing negligence claim based on economic loss rule and failure to allege facts that would be sufficient to show "specific 'danger signals' or 'red flags' indicative of negligence stemming from the debits from" the plaintiff's account). He has also alleged the parties had a contractual relationship but does not allege facts that show any duty Defendants may have owed him that would give rise to a negligence claim "is either completely independent of" their contractual relationship or "arises from conduct which is both intentional and intended to harm." *Erlich v. Menzies*, 21 Cal. 4th 543, 552 (1999).

Accordingly, the Court GRANTS the motion to dismiss the negligence claim.

    **2.     The Court Dismisses the Breach of Contract Claim.**

Defendants argue Udo fails to allege sufficient facts to state the existence of a contract or the specific term breached. They also argue that Udo fails to allege facts that would show *they* disclosed any private information, in light of Udo's allegations that he either lost his briefcase or it was stolen. Udo has not provided a substantive response to those arguments. Instead, he repeats –

3

nearly verbatim – the allegations in the FAC. (*Compare* Opp. Br. at 14 *with* FAC ¶¶ 36-44.)

Udo alleges that the Defendants breached an "implicit" term of their contracts with him by "repeatedly" disclosing information about his accounts to third parties without his authorization. (FAC ¶¶ 39-40, 43.) To the extent Udo alleges any Defendant breached a written contract, the Court dismisses the claim for failure to sufficiently allege the terms of the contract. In addition, if Udo intended to rely on a theory of an implied in fact contract, he must allege facts to show that "the parties [do not have] a valid express contract covering the same subject matter." *Lance Camper Mfg. Co. v. Republic Indem. Co. of America*, 44 Cal. App. 4th 194, 203 (1996). Udo has not done so.

Accordingly, the Court GRANTS the motions to dismiss the breach of contract claim.

**3.  The Court Dismisses the Claim for Violations of California Commercial Code Section 11204.**

Defendants argue that the facts alleged do not show a violation of Section 11204. "If a bank fails to comply with sections 11202 or 11203," of California's Commercial Code, "section 11204 provides that the bank must refund money sent by … noncompliant payment orders." *Prima Donna Dev. Corp. v. Wells Fargo Bank, N.A.*, 42 Cal. App. 5th 22, 39 (2019). Section 11204 applies to "receiving banks" and the term "'[p]ayment order' means an instruction of a sender to a receiving bank, transmitted orally, electronically, or in writing, to pay, or to cause another bank to pay, a fixed or determinable amount of money to a beneficiary if" three conditions apply.[2] Cal. Com. Code § 11103(a)(1).

Although Udo alleges that "unauthorized transactions" were made from his accounts and that "fraudulent and unauthorized checks" were written, he fails to allege facts that show the allegedly unauthorized transactions fall within the statutory definition of a "payment order." The Court has reviewed the account statements for the period *after* July 13, 2022, which do not reflect transactions that would qualify as a "payment order."

Accordingly, the Court GRANTS Defendants' motions to dismiss this claim.

---

[2]  A classic example of a payment order is a wire transfer. *See Chino Com. Bank, N.A. v. Peters*, 190 Cal. App. 4th 1163, 1174 (2010).

### 4. The Court Dismisses the Claim for Violations of California Consumer Privacy Act ("CCPA"), Civil Code section 1798.150.

Defendants also argue that Udo has not, and cannot, state a claim under the CCPA. The CCPA provides a cause of action to

> [a]ny consumer whose nonencrypted and nonredacted personal information, as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5, or whose email address in combination with a password or security question and answer that would permit access to the account is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information.

Cal. Civ. Code § 1798.150(a)(1). "Personal information" means a consumer's first and last name in combination with, *inter alia*, "[a]ccount number or credit or debit card number, in combination with any required security code, access code, or password that would permit access to an individual's financial account." *Id.* § 1798.81.5(d)(1)(A)(iii).

Udo simply recites the elements of the statute, which is insufficient under *Twombly* and *Iqbal* to state a claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Twombly*, 550 U.S. at 555); *Maag v. U.S. Bank, N.A.*, No. 21-cv-00031-H-LL, 2021 WL 5605278, at *2 (S.D. Cal. Apr. 8, 2021). Udo also fails to include facts that show the disclosure of any of his "personal information" was "the result of" Defendants' conduct rather than as a result of the loss and/or theft of his briefcase and its contents. *See, e.g., Florence v. Order Express, Inc.*, -- F. Supp. 3d --, 2023 WL 3602248, at *7 (N.D. Ill. May 23, 2023) (applying California law, and noting that to state a claim "the plaintiff must allege that the defendant's failure to implement reasonable security measures allowed third parties to access and steal his personal information").

Accordingly, the Court GRANTS Defendants' motion to dismiss this claim.

### 5. The Court Dismisses the Claim for Unjust Enrichment – Quasi Contract.

Defendants argue unjust enrichment is not a valid claim for relief. In California, there is no independent claim for unjust enrichment because unjust enrichment "describe[s] the theory

underlying a claim that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (internal quotation marks omitted). However, the Court can "construe the cause of action as a quasi-contract claim seeking restitution." *Id.* (*quoting Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014)); *see also Spartan Cap. Sec., LLC v. Vicinity Motor Corp.*, No. 23-cv-01180-TSH, 2023 WL 4004116, at * 8 (N.D. Cal. 2023) (stating that although there is no independent claim, "courts construe the cause of action as a quasi-contract claim seeking restitution"). Udo alleges that he seeks restitution based on a theory of quasi contract. (FAC ¶ 62.)

A quasi-contract claim for unjust enrichment "cannot lie where there exists between the parties a valid express contract covering the same subject matter." *Lance Camper Mfg. Corp v. Rep. Indem. Co.*, 44 Cal. App. 4th 194, 203 (1996); *see also Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) ("As a matter of law, an unjust enrichment claim does not lie where the parties have an enforceable express contract.")). In light of Udo's allegations that the parties had a contractual relationship, if an express contract exists covering the same matter exists, Udo needs to plead facts to show any express contract that exists was unenforceable or void. *See Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 999 (N.D. Cal. 2020) (noting a plaintiff may alternatively plead a breach of contract claim and quasi-contract claim only if "the plaintiff also pleads facts suggesting that the contract may be unenforceable or invalid"). He does not make those allegations. Udo also does not allege facts that would support a conclusion that Defendants obtained a benefit at Udo's expense.

Accordingly, the Court GRANTS Defendants' motion to dismiss this claim.

### 6. The Court Dismisses the Claim for Deprivation of Civil Rights.

Udo alleges each of the Defendants violated his civil rights and seeks relief pursuant to 42 U.S.C. section 1983. In order to state a claim under Section 1983, Udo must allege facts to show (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir.

1987). In his FAC, Udo did not specify which constitutional rights Defendants allegedly violated.[3]

Generally, private parties like Defendants do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Therefore, a plaintiff must allege facts that tend to show that the private party's conduct has caused a deprivation of federal rights that may be fairly attributable to the State. *Id.* at 708 (holding that "conclusionary allegations of action under color of state law, unsupported by facts, will be rejected as insufficient to state a claim") (quoting *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotations and brackets omitted). A two-part test exists to determine whether private-party action causes a deprivation that occurs under color of state law. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982).

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. ... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id.*

Using the framework outlined in *Lugar,* the Court concludes Udo fails to include any allegations in the FAC or with his opposition that would support a conclusion that the Defendants conspired or engaged in "joint activity with state officials," are "so closely related to the state that [their] actions can be said to be those of the State itself," or performed "public functions or [were] regulated to the point that the conduct in question is practically compelled by the State." *Price,* 929 F.2d at 708-09 (internal quotations and citations omitted).

Accordingly, the Court GRANTS Defendants' motion to dismiss.

//

---

[3] In his opposition, Udo states he is Nigerian-American and claims Defendants deprived him of his constitutional rights to equal protection and due process based on "sex, national origin, race, and/or religion." (Opp. Br. at 22:3-6.) The Court considers those facts and allegations for purposes of evaluating whether it should grant him leave to amend.

7. **The Court Dismisses the Claim for Violations of Commercial Code Section 4207.**

Finally, Udo alleges that the Defendants breached warranties set forth in California Commercial Code section 4207(a)(1), which provides that "[a] customer or collecting bank that transfers an item and receives a settlement or other consideration warrants to the transferee and to any subsequent collecting bank that … [t]he warrantor is a person entitled to enforce the item." Udo acknowledges in his opposition that the warranty runs to the "transferee." *See also Mills v. U.S. Bank.*, 166 Cal. App. 4th 871, 872 (2008)). Contrary to Udo's arguments in his opposition brief, he fails to allege facts that would show he was the "transferee" to whom a warranty was made.

Accordingly, the Court GRANTS Defendants' motion to dismiss.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motions to dismiss. Udo has asked for leave to amend if the Court dismisses any claims. The Court has carefully considered that request, and it recognizes that leave to amend should be given freely. Although Udo's original complaint was not tested by a motion to dismiss, where a plaintiff has previously amended and failed to correct deficiencies, the Court's "discretion to deny leave to amend is particularly broad[.]" *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

Udo has filed two complaints but has not amended the underlying facts. He also submitted bank statements that show activity for the time period immediately after he lost his briefcase. He alleges that fraudulent and unauthorized checks were written from his US Bank account to "Task Help, LLC", but Udo's Wells Fargo statement from March 31, 2022 and his BANA statement from April 9, 2022 to May 9, 2022, show deposits in the amount of $10,000 and $60,000, respectively, from Task Help LLC *into* his accounts. (Dkt. No. 35, Udo Ex. A at ECF pp. 13, 56.) In addition, Udo's allegations about the size of the fraudulent transactions are not supported by the bank statements. By way of example only, he alleges he incurred $790,000 in fraudulent

8

transactions in his Wells Fargo account, but the bank statements he has placed in the record do not show transactions of that size for the period after the loss and/or theft of his briefcase. (*Id.* at ECF pp. 35-52.) In addition, at least some of Udo's claims are not legally viable.

Accordingly, the Court concludes that leave to amend would be futile and DENIES Udo leave to file a second amended complaint. The Court dismisses this case with prejudice and will issue a separate judgment. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: December 12, 2023

_____
JEFFREY S. WHITE
United States District Judge